UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY NELSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 4:08CV1507AGF |
| GARY STOLZER, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the St. Genevieve County Detention Center ("SGCDC"), states that he was arrested for unspecified criminal conduct at the Missouri Sexual Offender Treatment Center in Farmington, Missouri, and was transferred to SGCDC on July 22, 2008, where he claims he is being unlawfully held.

Specifically, petitioner alleges that (1) he "is supposed to be civily [sic] detained until trial inside the (DMH) or facility operated by the Dept. of Mental Health"; (2) he "has already been held in (SGCDC) for 62 days and does not have a trial date"; and (3) he is being denied "his Missouri Dept. of Mental Health Bill of Rights."

Under 28 U.S.C. § 2241(c)(3), the federal courts have jurisdiction over pretrial habeas petitions. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir.1979). "Despite

the existence of jurisdiction, however, federal courts are reluctant to grant pre-trial habeas relief." *Id.* Only when "special circumstances" exist will a federal court find that a pretrial detainee has exhausted state remedies. *Id.* "In most cases courts will not consider claims that can be raised at trial and in subsequent state proceeding." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (D. Wis. 1999). Courts have found that "special circumstances" existed where double jeopardy was at issue or where a speedy trial claim was raised. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488 (1973) (speedy trial); *Blanck*, 48 F. Supp. 2d at 860 (double jeopardy).

The grounds raised by petitioner do not constitute the "special circumstances" required for a finding that he has exhausted his available state remedies. Petitioner's allegations do not contain any facts, which if proved, would demonstrate that he has been deprived of his constitutional rights. Additionally, the claims raised by petitioner can be adequately raised at trial and in subsequent state proceedings. As a result, the Court will deny the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of November, 2008.

                                      HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE